IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALL IN ONE NETWORKING, INC., *Plaintiff,* | CIVIL ACTION |
| v. | No. 18-2796 |
| THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORPORATION, et. al., *Defendants.* | |

**MEMORANDUM**

## I. INTRODUCTION

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 22), Plaintiff's Response thereto (ECF No. 26), and Defendants' Reply (ECF No. 27).

On July 3, 2018, the instant matter was removed to this Court from the Court of Common Pleas of Philadelphia County. ECF No. 1. On July 6, 2018, Plaintiff filed its Amended Complaint. ECF No. 2. On September 17, 2018, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 15. On November 20, 2018, this matter was transferred to the undersigned Judge. ECF No. 18. On November 21, 2018, the Court denied Defendants' Motion to Dismiss.[1] ECF No. 19. However, the Court simultaneously granted Plaintiff's request for leave to file a Second Amended Complaint and Plaintiff's Second

---

[1] The Court only addressed Defendants' arguments pursuant to Rule 12(b)(6) in its denial Order.

1

Amended Complaint was docketed by the Clerk of Court. ECF Nos. 19, 20. On December 6, 2018, Defendants' filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 22. In accordance with the Court's denial of Defendants' first Motion to Dismiss, the instant Motion to Dismiss is filed pursuant to Rule 12(b)(2) (lack of personal jurisdiction) and Rule 12(b)(3) (improper venue), only.

## II. FACTUAL BACKGROUND

This matter stems from an alleged breach of contract regarding internet marketing services. The Plaintiff, which is incorporated in Pennsylvania and has its primary place of business in Philadelphia, Pennsylvania, provides internet marketing services. ECF No. 20 at ¶¶ 1, 5. Defendants are citizens of the State of Florida and operate addiction rehabilitation facilities in Deerfield, Florida. *Id.* at ¶¶ 2-4 and 23. In March of 2017, Defendants solicited Plaintiff for internet marketing services. *Id.* at 5. The parties entered into an agreement that was followed by the parties and then they entered into negotiations for a new agreement in October of 2017. *Id.* at ¶¶ 6-8. Plaintiff and Defendants allegedly agreed to new terms on November 20, 2017. *Id.* at 9. The terms of the alleged new agreement were memorialized into two documents. *Id.* at ¶ 10. However, these two documents were never signed by the Defendants. *Id.* at ¶ 12. Although the two documents were never fully executed, the parties continued to do business together until

Defendants stopped paying Plaintiff for its services in March of 2018, causing Plaintiff to discontinue its services in April of 2018. *Id.* at ¶ 51. This breach of contract lawsuit followed.

## III. DISCUSSION

Defendants' Motion to Dismiss presents two issues for the Court's consideration. First, whether Plaintiff's Second Amended Complaint should be dismissed for lack of personal jurisdiction against the Defendants. Second, whether this case should be transferred to the United States District Court for the Southern District of Florida because venue is more appropriate in that Court. The Court need only address the second issue because courts may "consider questions of venue in advance of personal jurisdiction 'when there is a sound prudential justification in doing so.'" *Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 477 (E.D. Pa. 2016) (quoting *Lawyers Funding Grp., LLC v. Harris*, No. 14-6369, 2016 WL 233669, at *4 (E.D. Pa. Jan. 20, 2016)). "One such justification is if the issue of venue itself is dispositive, so that it is 'unnecessary to address the other issues raised by' the defendant." *Id.* (quoting *Pennsylvania Gear Corp. v. Fulton*, No. 98-1538, 1999 WL 80260, at *2 (E.D. Pa. Jan. 26, 1999)). Because, here, venue itself is dispositive, the Court will not address Defendants' arguments regarding personal jurisdiction.

3

1. <u>Venue Standard of Review.</u>

Although venue may be proper in this District, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (discussing when district courts should transfer cases under 28 U.S.C. § 1404(a) versus 28 U.S.C. § 1406). Here, because venue *may* lie in this Court, the Court will address transfer under § 1404(a), only. *Jumara*, 55 F.3d at 878 ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."). Under 28 U.S.C. § 1391(b), venue may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, it is undisputed that Defendants are subject to personal jurisdiction in the District Court for the Southern District of Florida because they all reside there.

4

The purpose of the venue statute "is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Crayola*, 179 F. Supp. 3d at 477 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184 (1979)). Unlike jurisdictional issues, venue is "simply where the case may be tried." *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The defendant bears the burden in establishing that venue is improper. *Id.* at 724-25; *Crayola*, 179 F. Supp. 3d at 477. When a district court is presented with an issue regarding transfer under 1404(a), it is to consider public and private interest factors.

The private interest factors include: 1) "plaintiff's forum preference as manifested in the original choice"; 2) "the defendant's preference"; 3) "whether the claim arose elsewhere"; 4) "the convenience of the parties as indicated by their relative physical and financial condition"; 5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and 6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879.

The public interest factors include: 1) "the enforceability of the judgment"; 2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; 3) "the relative administrative difficulty in the two fora resulting

from court congestion"; 4) "the local interest in deciding local controversies at home"; 5) "the public policies of the fora"; and 6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

2. Analysis.

Based upon the type of issues presented in this matter and the evidence before the Court, the majority of the factors do not weigh in favor of either Plaintiff or Defendants. These factors include, the convenience of the parties as indicated by their physical and financial condition (at this juncture, the Court is unaware of the parties' relative financial or physical conditions); the convenience of the witnesses (the Court assumes that Plaintiff and Defendants will present witnesses who are located in Pennsylvania and Florida, respectively); the location of books and records (the Court assumes that Plaintiff and Defendants will present books and records which are located in Pennsylvania and Florida, respectively); enforceability of the judgment (a judgment entered in either court is readily enforceable against either party); practical considerations (there is nothing to suggest that either this Court or the Southern District of Florida will make the trial easier, expeditious, or inexpensive on the parties); relative administrative difficulty on the courts from congestion (this consideration is virtually a nonfactor); the public policies of the forum (neither court appears to have a local policy that would be implicated by this matter); the local interest in deciding local controversies at

home (both the Eastern District of Pennsylvania and the Southern District of Florida have an interest in deciding this controversy because it affects Pennsylvania and Florida citizens); and the familiarity of the trial judge with the applicable state law (the Court expects the parties will dispute as to whether Pennsylvania or Florida contractual law will apply. However, the Court notes that Florida and Pennsylvania interpret contractual matters very similarly). The remaining factors outlined in *Jumara* weigh in favor of transfer.

Although the majority of the *Jumara* factors are neutral (including all of the public factors), the remaining private factors (minus one) weight heavily in favor of transfer. All the Defendants are citizens of Florida and never stepped foot in Pennsylvania regarding this matter. Plaintiff's president flew to Florida four times to meet with Defendant Abu-Moustafa and discuss his services. ECF No. 26-2 at ¶¶ 20-24. Defendants' preference is the Southern District of Florida. The services Plaintiff performed concerned Florida citizens. Most importantly, the "event or omission" arose in Florida because the core issue is failure to pay for services rendered and the situs of the payor (i.e. Defendants), not the payee (i.e. Plaintiff), in a breach of contract case for failure to pay determines the situs. *See Shamrock Materials, LLC v. Alliance Companies, LLC*, No. 05-5736, 2006 WL 1892722, at *2 (E.D. Pa. July 10, 2006) ("The Third Circuit Court of Appeals has held that the 'omission' of a failure to remit payments, for purposes of determining venue,

occurs at the situs of the payor, not the payee." (citing *Cottman*, 36 F.3d at 295)). The only factor in Plaintiff's favor is the Plaintiff preferring this Court. Although, courts must "give some weight" to a plaintiff's choice of forum, the plaintiff's choice of forum is by no means dispositive. *Atlantic Marine Const. Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 62 n.6 (2013).

Finally, the Court will briefly address the forum selection clause in the alleged contracts. Plaintiff alleges that Defendants orally assented to the terms of the alleged agreements when Defendant Abu-Moustafa told Plaintiff's president that his "signature was his handshake." However, Defendants dispute that they entered in the alleged contracts that contain the forum selection clause. At this stage of the litigation, the Court will not entertain the forum selection clause because the intent of the parties is unclear. The intent of the parties is unclear for two reasons. First, neither party signed the alleged contracts (Master Services Agreement and Statement of Work) that Defendants dispute they are bound to. *See* ECF No. 26-2 at 1679 and 1687. Secondly, notwithstanding whether the parties agreed to the main terms of the alleged contracts, it is more difficult to ascertain whether the Defendants assented to and intended to be bound by the Pennsylvania forum selection clause because the first agreement between the parties and the confidentiality agreement pertaining to negotiations over the contracts at issue contained Florida forum selection clauses. *See id.* at 54; ECF No. 27-1 at 2. The

parties' prior course of dealings question whether Defendants intended and assented to a Pennsylvania forum selection clause. Therefore, the Court elected not to consider the forum selection clause when addressing venue at this stage of the litigation.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is granted for venue purposes. This case shall be transferred to the United States District Court for the Southern District of Florida. An appropriate order to follow.

BY THE COURT:

Dated: 2-6-2019

_____
CHAD F. KENNEY, JUDGE